## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANTAE BAKER<br>5000 Springfield Ave. C<br>Philadelphia, PA 19143 | : <br> : <br> : <br> : | CIVIL ACTION |
| **Plaintiff,** | : <br> : | DOCKET NO.: |
| v. | : <br> : | |
| UNIVERSITY OF PENNSYLVANIA<br>HEALTH SYSTEM<br>3400 Spruce St.<br>Philadelphia, PA 19107 | : <br> : <br> : <br> : | **JURY TRIAL DEMANDED**<br>: |
| **Defendant.** | : <br> : <br> : | |

## CIVIL ACTION COMPLAINT

Shantae Baker (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     This action has been initiated by Plaintiff against University of Pennsylvania Health System (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq.*), Title VII of the Civil Rights Act of 1964, ("Title VII" – 42 U.S.C. §§ 2000d *et. seq.*)/the Pregnancy Discrimination Act ("PDA"), Pennsylvani8a common law, and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that she was unlawfully terminated from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission. Such claims will identically mirror Plaintiff's federal claims asserted herein under the ADA and Title VII/PDA.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant

to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks

redress for violations of civil rights under the FMLA and the ADA.

3.     This Court may properly maintain personal jurisdiction over Defendant because

Defendant's contacts with this state and this judicial district are sufficient for the exercise of

jurisdiction in order to comply with traditional notions of fair play and substantial justice,

satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v.

Washington, 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this

district because all of the acts and/or omissions giving rise to the claims set forth herein occurred

in this judicial district.

5.     Plaintiff filed a Charge of discrimination and retaliation with the Equal

Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the

Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her

administrative proceedings (with respect to her Title VII/PDA and ADA claims) before initiating

this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing

the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in

full.

7.     Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant University of Pennsylvania Health System is a healthcare system with operations located throughout Pennsylvania, including but not limited to a location at 800 Spruce St., Philadelphia, Pennsylvania, where Plaintiff physically worked.

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was employed with Defendant for approximately 10 years.

12. During her long tenure with Defendant, Plaintiff was a dedicated and hard-working employee.

13. During the last few years of Plaintiff's employment with Defendant, Plaintiff suffered from back-related health conditions and filed a worker's compensation claim related to same in or about December of 2015.

14. As a result of Plaintiff's aforesaid back-related disabilities, she was (at times) limited in her ability to perform some daily life activities, including but not limited to bending, twisting, working, and performing manual tasks.

15. Despite Plaintiff's aforementioned health conditions, she was still able to perform the duties of her job well with Defendant; however, she did occasionally require reasonable accommodations, including but not limited to time off from work to care for and treat for her health conditions, including approximately two weeks in or about December of 2015.

3

16.     In or about May of 2016, Plaintiff took another medical leave of absence for the birth of her daughter and returned to work in or about July of 2016.

17.     On or about August 24, 2016, shortly after returning from her medical leave of absence related to the birth of her daughter, Plaintiff again began to suffer from back-related health conditions, which she reported to Defendant's management as a work-related injury and filed another worker's compensation claim.

18.     Defendant's management ordered Plaintiff to visit with a worker's compensation panel physician, to which she complied.

19.     Plaintiff thereafter requested approximately two weeks off from work (from on or about August 24, 2016 through early September of 2016) for her aforesaid disabilities.

20.     In or about September of 2016, Plaintiff was notified that her August, 2016 worker's compensation claim was denied and therefore, the two weeks that Plaintiff had been absent in August/September of 2016 (for her back-related disabilities) was not covered under worker's compensation.

21.     After Plaintiff's August, 2016 worker's compensation claim was denied (as discussed further *supra*), Plaintiff was given a final written warning (in or about October of 2016) for taking off work approximately two weeks from August-September of 2016 for her aforesaid back-related disabilities. Plaintiff was informed that because such time off was not being covered by worker's compensation, Defendant needed to place her on a final written warning under Defendant's attendance policy.

22.     Plaintiff was further told by Defendant's management, including but not limited to Mark Mykulowycz (Manager) that she could not be absent or tardy anymore or she would go over the allotted number of points under Defendant's attendance policy and be terminated.

23. On or about November 26, 2016, Plaintiff was terminated for taking a day off because her daughter was sick.

24. Defendant considered Plaintiff's aforesaid final written warning (and therefore counted disability-related absences against her) in making the decision to terminate her employment.

25. Furthermore, had Plaintiff not been given a final written warning for taking two weeks off as a result of her aforesaid health conditions (which should have been considered a reasonable accommodation under the ADA), Plaintiff would not have been terminated from Defendant in November of 2016.

26. Plaintiff believes and therefore avers that she was issued illegal discipline and ultimately terminated because of her actual/perceived/record of disabilities, in retaliation for requesting accommodations (including FMLA-qualifying leave), and/or as a direct result of Defendant's failure to accommodate Plaintiff's disabilities (by counting protected absences against her in making the decision to discipline her and ultimately terminate her).

**First Cause of Action**
**<u>Violations of the Americans with Disabilities Act, as Amended ("ADAAA")</u>**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff suffered from qualifying health conditions under the ADA (as amended) which affected her ability (at times) to perform some daily life activities, as described *supra*.

29. Plaintiff requested reasonable accommodations from Defendant, including but not limited to time off from work to care for and treat for her health conditions.

30. Defendant failed to engage in any interactive process and refused to accommodate Plaintiff by counting occurrences against her for days that she needed to miss work because of her aforesaid health conditions.

31. Plaintiff believes and therefore avers that Defendant discriminated against Plaintiff by issuing her pretextual discipline and ultimately terminating her employment because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations (which constitutes unlawful retaliation); and/or (4) Defendant's failure to accommodate her disabilities.

32. These actions as aforesaid constitute violations of the ADAAA.

### Second Cause of Action
### Violations of Title VII/PDA
### (Wrongful Termination - Gender/Pregnancy Discrimination/Retaliation)

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was issued pretextual discipline and terminated from her employment with Defendant shortly after returning from maternity leave for the birth of her daughter.

35. Plaintiff believes and therefore avers that she was issued pretextual discipline and ultimately terminated because of her pregnancy.

36. Upon information and belief, these aforesaid actions, taken because of her pregnancy, constitute violations of Title VII/PDA.

### Third Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
### (Interference and Retaliation)

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.   Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

39.   Plaintiff requested leave from Defendant for the birth of her child and for her own serious health conditions.

40.   Plaintiff was employed with Defendant for at least twelve months prior to her request for FMLA-qualifying leave pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

41.   Plaintiff had at least 1,250 hours of service with the Defendant during her last full year of employment.

42.   Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

43.   Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

44.   Defendant committed interference and retaliation violations of the FMLA by: (1) disciplining and terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to issue her discipline and/or terminate her; and (3) disciplining and/or terminating Plaintiff to prevent her from taking further FMLA-qualifying leave in the future.

45.   It is also believed and therefore averred that Plaintiff still had FMLA leave available to her for the two weeks that she took off in or about August/September of 2016; however, Defendant never properly informed Plaintiff of her individualized FMLA rights as it pertained to her aforesaid two-week medical leave; thus, Defendants failed to follow proper

notice, designation, and informational regulations of the FMLA, which resulted in Plaintiff being disciplined and later terminated.

46. These actions as aforesaid constitute violations of the FMLA.

**Fourth Cause of Action**
**Common-Law Wrongful Discharge**
**(Public Policy Violation)**

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Upon information and belief, Plaintiff was terminated in substantial part for making a claim for workers' compensation benefits and/or seeking worker's compensation benefits and/or for her work-related injuries (as discussed *supra*).

49. It is against Pennsylvania's public policy for an employee to be terminated for making a worker's compensation claim and/or seeking workers' compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

50. The mere temporal proximity between Plaintiff's claim for worker's compensation and her termination creates an inference that her termination was in retaliation for making such a claim.

51. These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination/interference at the hands of Defendant until the date of verdict;

C.    Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: December 11, 2017

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

SHANTAE BAKER

v.

UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X )

| | | |
|---|---|---|
| 12/11/2017 | _(signature)_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5000 Springfield Avenue, C, Philadelphia, PA 19143

Address of Defendant: 3400 Spruce Street, Philadelphia, PA 19107

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf , counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 12/11/2017

Attorney-at-Law

ARK2484
Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/11/2017

Attorney-at-Law

ARK2484
Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BAKER, SHANTAE

## DEFENDANTS

UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA 42USC12101; FMLA 29USC2601; Title VII 42USC2000
Brief description of cause:
Violations of the ADA, FMLA, Title VII, the Pregnancy Discrimination Act, PA Common law and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE   12/11/2017

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

| Print | Save As... | Reset |